CARMEN A. TRUTANICH, City Attorney (SBN 86629x)
GARY G. GEUSS, Chief Assistant City Attorney (SBN 128022)
DANIEL P. AGUILERA, Supervising Deputy City Attorney (SBN 108159)
**JENNIFER S. PUCHER, Deputy City Attorney - SBN 223390**
200 North Main Street
City Hall East, 7th Floor
Los Angeles, California 90012-4131
Tel: (213) 978-8293
Fax: (213) 978-8216

Attorneys for Defendants,
City of Los Angeles, Chief William Bratton,
Commander Stuart Maislin, and Gerald Chaleff
(erroneously entitled "Los Angeles Police Department")

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES POLICE DEPARTMENT, CITY OF LOS ANGELES, CHIEF WILLIAM BRATTON, COMMANDER STUART MAISLIN, GERALD CHALEFF and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. CV11-00039 SVW (AGRx)<br><br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

**TO PLAINTIFF TERESA ANDERSON AND HER COUNSEL OF RECORD:**

The Defendants, City of Los Angeles, Chief William Bratton, Commander Stuart Maislin, and Gerald Chaleff, hereby answer Plaintiff's Complaint and allege affirmative defenses on its own behalf as follows:

1.      In response to paragraph 1 of Plaintiff's Complaint, Defendants admit all allegations therein.

2.      In response to paragraph 2 of Plaintiff's Complaint, Defendants admit all

1   allegations therein.

2       3.    In response to paragraph 3 of Plaintiff's Complaint, Defendants admit all

3   allegations therein.

4       4.    As to paragraph 4 of Plaintiff's Complaint, Defendants deny all allegations

5   therein for lack of information and belief, except for specific allegation admitted.

6   Defendants admit that Chief William Bratton ("Bratton") was employed as the Chief of

7   the LAPD and a member of the Board of Police Commissioners.

8       5.    As to paragraph 5 of Plaintiff's Complaint,  Defendants deny all allegations

9   therein for lack of information and belief, except for specific allegation admitted.

10   Defendants admit that Commander Stuart Maislin ("Maislin") is the Commanding

11   Officer of the Risk Management Unit of the LAPD.

12       6.    As to paragraph 6 of Plaintiff's Complaint,  Defendants deny all allegations

13   therein for lack of information and belief, except for specific allegation admitted.

14   Defendants admit that Gerald Chaleff is a civilian employee of the LAPD and was, in

15   some point in time, the Commanding Officer of the Consent Decree Bureau and Risk

16   Management Division.

17       7.    As to paragraph 7 of Plaintiff's Complaint, Defendants deny all allegations

18   therein for lack of information and belief.

19       8.    As to paragraph 8 of Plaintiff's Complaint, Defendants deny all allegations

20   therein for lack of information and belief.

21       9.    In response to paragraph 9 of Plaintiff's Complaint, Defendants admit all

22   allegations therein.

23       10.    In response to paragraph 10 of Plaintiff's Complaint, Defendants admit all

24   allegations therein.

25       11.    In response to paragraph 11 of Plaintiff's Complaint, Defendants admit all

26   allegations therein.

27       12.    As to paragraph 12 of Plaintiff's Complaint, Defendants deny all allegations

28   therein for lack of information and belief.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

13.    As to paragraph 13 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

14.    As to paragraph 14 of Plaintiff's Complaint, Defendants denies all allegations therein for lack of information and belief.

15.    As to paragraph 15 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

16.    As to paragraph 16 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

17.    As to paragraph 17 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

18.    As to paragraph 18 of Plaintiff's Complaint, Defendant deny all allegations therein for lack of information and belief.

19.    As to paragraph 19 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

20.    As to paragraph 20 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

21.    As to paragraph 21 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

22.    As to paragraph 22 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

23.    In response to paragraph 23 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

24.    As to paragraph 24 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

25.    As to paragraph 25 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

26.    As to paragraph 26 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

27.     As to paragraph 27 of Plaintiff's Complaint, Defendant denies all allegations therein for lack of information and belief.

28.     As to paragraph 28 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

29.     As to paragraph 29 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

30.     As to paragraph 30 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

31.     As to paragraph 31 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

32.     As to paragraph 32 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

33.     As to paragraph 33 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

34.     As to paragraph 34 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

35.     As to paragraph 35 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

36.     As to paragraph 36 of Plaintiff's Complaint, Defendants deny all allegations therein for lack of information and belief.

37.     As to paragraph 37 of Plaintiff's Complaint, Defendants have no answer for lack of factual allegations.

38.     As to paragraph 38 of Plaintiff's Complaint, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

39.     As to paragraph 39 of Plaintiff's Complaint, Defendants have no answer for lack of factual allegations.

40.     As to paragraph 40, Defendants deny all allegations therein for lack of information and belief.

4

41.     In response to paragraph 41, Defendants deny each and every allegation contained therein.

42.     In response to paragraph 42, Defendants deny each and every allegation contained therein.

43.     In response to paragraph 43, Defendants deny each and every allegation contained therein.

44.     In response to paragraph 44, Defendants deny each and every allegation contained therein.

45.     In response to paragraph 45, Defendants deny each and every allegation contained therein.

46.     In response to paragraph 46, Defendants deny each and every allegation contained therein.

47.     As to paragraph 47, of Plaintiff's Complaint, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

48.     In response to paragraph 48, Defendants deny each and every allegation contained therein.

49.     In response to paragraph 49, Defendants deny each and every allegation contained therein.

50.     As to paragraph 50, Defendants have no answer for lack of factual allegations.

51.     In response to paragraph 51, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

52.     Said claims, and each of them, fail to state a cause of action.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

53.    Said claims, and each of them are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, the applicable provisions of the Code Civ. Proc. §§ 313, 335.1, 339, 340(3),  342 and Cal. Gov't Code §§ 911.2, 911.4, 945.6, 12960, 12965, and other limitation requirements.

## THIRD AFFIRMATIVE DEFENSE

### (Laches /Unclean Hands)

54.    Plaintiff's assertion and prosecution of his alleged claims is unconscionable conduct on his part, and such claims are barred by virtue of the doctrine of laches / unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to exhaust Civil Service Requirements)

55.    Said claims for relief, and each of them, are barred in whole or in part because plaintiff has failed to exhaust his administrative remedies, including but not limited to the Civil Service requirements of the City of Los Angeles.

## FIFTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

56.    Said claims for relief, and each of them are barred in whole or in part by the doctrine of election of remedies.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Comply with the Government Tort Claims Act)

57.    Said claims for relief, and each of them, are barred in whole or in part by the California Tort Claims Act (Cal. Gov't Code §§ 810 – 996.6).

## SEVENTH AFFIRMATIVE DEFENSE

### (Discretion)

58.    Said claims for relief, and each of them, are barred in whole or in part because defendant is immune for acts of omissions by reason of the exercise of discretion, including that pursuant to Cal. Gov't Code §§815.2 and 820.2.


## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

59.    As an affirmative defense, Defendants aver that at all times relevant herein, it acted in good faith and had reasonable grounds for believing its conduct was in compliance the with the FLSA pursuant to Title 29 United States Code section 260, thereby precluding any award of liquidated damages to Plaintiffs.


## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

60.    Said claims, and each of them, are barred in whole or in part by the doctrine of estoppel, including but not limited to judicial and collateral.


## TENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

61.    Said claims for relief, and each of them are barred in whole or in part because the acts of defendant was not the proximate cause of any harm allegedly suffered by plaintiff.


## ELEVENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

62.    Said claims for relief, and each of them, are barred in whole or in part,

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

because the full responsibility of any allegedly suffered by plaintiff was caused by third person(s) or entities whose acts or omissions were the superseding and intervening causes of those alleged injuries.

## TWELTH AFFIRMATIVE DEFENSE

### (Failure to mitigate)

63.    Said claims for relief, and each of them, are barred in whole or in part by plaintiff's failure to mitigate his purported damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons for Conduct)

64.    Said claims for relief, and each of them, are barred in whole or in part because there was a legitimate business reason for each alleged adverse employment action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Const. Protections)

65.    Plaintiff may not recover punitive or exemplary damages from the defendant the City of Los Angeles by reason of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and California Government Code §818.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Cause of Action based on Public Policy)

66.    Plaintiff's common law Claim for Wrongful Termination in violation of fundamental public policy is barred.  See, Miklosy v. Regents of University of California, 44 Cal.4th 876 (July 31, 2008).

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

(Consent)

67.     The Plaintiff consented to the acts and conduct upon which its claims and allegations are based.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Justification)

68.     Without admitting the allegations of the complaint, the acts and conduct of defendant upon which plaintiff bases his claims were justified.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

69.     Without admitting that plaintiff sustained any damages or detriment, or that Defendant is liable to plaintiff in any manner whatsoever, defendant aver that plaintiff has failed to exhaust his available administrative remedies and as such, this court lacks subject matter jurisdiction in this matter. To the extent that plaintiff alleges personal injuries entitling him to an award of damages, those claims are barred because the City of Los Angeles is a public entity, and plaintiff has failed to submit timely statutory claims for money damages.

## NINETEENTH AFFIRMATIVE DEFENSE

(Worker's Compensation Appeals Board Has Exclusive Jurisdiction Over State Claims)

70.     Plaintiff's claims are barred because the Worker's Compensation Appeals Board has exclusive jurisdiction over state claims (Cal. Labor Code § 3201 et seq.)

///

9

## TWENTIETH AFFIRMATIVE DEFENSE

### (Worker's Compensation Exclusive Remedy for State Claims)

71.     Plaintiff's claims are barred by the exclusive remedy provisions of the California Worker's Compensation Act (Cal. Labor Code § 3601 et seq.)

## TWENTY - FIRST AFFIRMATIVE DEFENSE

### (Res Judicata)

72.     Plaintiff's claims are barred by the doctrine of Res Judicata.

## TWENTY - SECOND AFFIRMATIVE DEFENSE

### (Immunity)

73.     The answering Defendants are immune from any liability to plaintiff for the acts or omissions resulting from the exercise of discretion or the making of personnel management decisions pursuant thereto, among other things, Gov't Code secs. 815.2 and 820.2 and applicable case law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Immunity of a Public Entity)

74.     This answering defendant is immune and not liable for the injuries alleged in the complaint pursuant to, among other things, Gov't Code sec. 815.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Immunity of Acts and Omissions of Others)

75.     This answering defendant is immune and not liable for the acts or omissions of another person pursuant to, among other things, Gov't Code sec. 820.8.

///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Public Entity Immunity for Employee's Misrepresentation)

76.     Pursuant to Cal. Government Code § 818.8, Defendant CITY OF LOS ANGELES is immune from liability on the state law claims for any injury caused by a misrepresentation of its employee.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Public Entity Immunity for Discretionary Acts)

77.     Pursuant to Cal. Government Code §§ 815(b), 815.2(b), and 820.2, Defendant CITY OF LOS ANGELES is immune from liability on the state law claims for any injury caused by a discretionary act or omission of its employee.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Public Entity Immunity for Execution or Enforcement of Law)

78.     Pursuant to Cal. Government Code §§ 815(b), 815.2(b), and 820.4, Defendant CITY OF LOS ANGELES is immune from liability on the state law claims for any injury caused by an act or omission of its employee, made with due care, in the execution or enforcement of any law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Public Entity Immunity for Act Under Unconstitutional,

Invalid, or Inapplicable Law)

79.     Pursuant to Cal. Government Code §§ 815(b), 815.2(b), and 820.6, Defendant CITY OF LOS ANGELES is immune from liability on the state law claims for any injury caused by an act or omission of its employee made in good faith, without malice, and under the apparent authority of a law that is unconstitutional, invalid, or

11

inapplicable except to the extent that the employee would have been liable had the law been constitutional, valid, and applicable.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Public Entity Immunity for Acts of Others)

80.     Pursuant to Cal. Government Code §§ 815(b), 815.2(b), and 820.8, Defendant CITY OF LOS ANGELES is immune from liability on the state law claims for any injury caused by the act or omission of a person other than its employee.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Judicial Remedies)

81.     This answering defendant avers that Plaintiff failed to exhaust his judicial remedies.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Comply with City of Los Angeles Charter)

82.     The answering Defendant aver that the Complaint, and each purported cause of action set forth therein, are barred to the extent they are based upon any alleged unlawful termination of employment in that Plaintiff has failed to file an appropriate application pursuant to City of Los Angeles Charter §1016(c) and an appropriate demand for reinstatement and claim for compensation under City of Los Angeles Charter § 1017.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Qualified Immunity)

83.    As an affirmative defense, the individual Defendants aver that Plaintiffs' allegations fail to the extent that they are precluded under the doctrine of Qualified Immunity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (FLSA Does Not Apply to Local Government Agencies)

84.    As an affirmative defense, Defendants aver that the FLSA's application to Defendant, as a municipality, is an impermissible and unconstitutional interference with the functions of Defendant as a local government body in contravention of the Tenth Amendment to the United States Constitution.

WHEREFORE, Defendants  pray for judgment as follows:

(1)    That Plaintiff take nothing by her Complaint and each cause of action thereof be dismissed with prejudice;

(2)    That the Defendants be awarded their costs incurred herein, including attorneys' fees; and

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

(3)     That the Court order such other and further relief for the Defendants as the Court may deem just and proper.

Dated: February 2, 2011          CARMEN A. TRUTANICH, City Attorney
                                 GARY G. GEUSS, Chief Assistant City Attorney
                                 DANIEL P. AGUILERA, Deputy City Attorney


                                 By: _____
                                     JENNIFER S. PUCHER
                                     Assistant City Attorney

                                 Attorneys for Defendants,
                                 City of Los Angeles, *et al.*

14

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT